UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| | * | |
| **VERSUS** | * | **SECTION: "D"** |
| | * | |
| **CARL MORGAN, ET AL** | * | |

******************************************

## MEMORANDUM IN SUPPORT OF MOTION TO ADOPT MOTION TO SEVER AND IN SUPPORT OF SEVERANCE

CARL MORGAN moves for a severance of his trial on Count 1 of the second superseding indictment. In support, MORGAN adopts the Motion to Sever filed by codefendant Vanessa Motta (Rec. Doc. 271). While MORGAN submits that the arguments made by Motta in her severance motion are equally applicable to MORGAN, he provides the following brief argument to clarify some of the reasons for why severance is appropriate for MORGAN's case particularly.

MORGAN is charged in Count 1 of the indictment alleging he conspired to commit wire fraud and mail fraud. The only allegation in the indictment that is particular to MORGAN is found on page 14, paragraph (d) which alleges that MORGAN and others staged a collision and that he thereafter conspired to file a fraudulent lawsuit based on the accident. Compared to other defendants in this case, the scope of MORGAN's alleged criminal conduct is quite limited. As such, the portion of the Government's anticipated trial evidence that will pertain directly to MORGAN will be small.

In the Government's *Motion to Admit Statements Under the Forfeiture By Wrongdoing Exception* (Rec. Doc. 227, at 24-25), it correctly acknowledges that MORGAN did not have anything to do with Garrison's unavailability. The Government also makes clear that it is not

1

seeking to admit Garrison's statements against MORGAN. Nevertheless, the Government says that it seeks to admit certain statements of Cornelius Garrison against codefendants Leon Parker, Sean Alfortish, Vanessa Motta and Motta Law that "will implicate [Diaminike] Stalbert and Morgan in the staged collision." The statements made by Garrison to law enforcement that implicate MORGAN are plainly testimonial hearsay that would not be admissible against MORGAN if he were to be tried alone.[1] This, coupled with the fact that MORGAN's alleged involvement in the charged conspiracy is comparatively minimal magnifies the prejudicial effect of a joint trial. For this reason and others, MORGAN submits that the *McRae* arguments made in Motta's severance motion (Rec. Doc. 271-1 at 4-5) are particularly salient in his case.[2]

Respectfully submitted,

*/s/ Michael G. Raspanti*
RASPANTI LAW FIRM
Joseph P. Raspanti (17897)
Michael G. Raspanti (35968)
3900 N. Causeway Blvd. Suite 1470
Metairie, LA 70002
Telephone: (504) 836-7330
Fax (504) 832-8069
Email: mgraspanti013@gmail.com

*Attorney for Carl Morgan*

---

[1] *See Zafiro v. United States*, 506 U.S. 534, 539 (1993): "We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur *when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant*." (emphasis added).

[2] *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, notice of which will be sent to all counsel of record.

Respectfully submitted,

*/s/ Michael G. Raspanti*
Michael G. Raspanti