UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| | * | |
| **VERSUS** | * | **SECTION: "D"** |
| | * | |
| **CARL MORGAN, ET AL** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CARL MORGAN'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT STATEMENTS UNDER THE FORFEITURE BY WRONGDOING EXCEPTION

**NOW INTO COURT,** through the undersigned counsel, comes CARL MORGAN, Defendant in the above-captioned case, who submits the following in opposition to the Government's *Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception*. (Rec. Doc. 227). MORGAN's opposition principally pertains to the Government's stated intention of introducing statements made by Cornelius Garrison against codefendants Jason Giles and the King Firm under the hearsay exception for coconspirator statements made during and in furtherance of the conspiracy (Fed. R. Evid. 801(d)(2)(E)) and the Government's intent to admit Garrison's statement that accuses Ryan Harris's "blind brother" of being in a staged accident. (*See* Rec. Doc. 227-1 at 23-25).

**I.     BACKGROUND**

The relevant background for this opposition is that the Government acknowledges that it cannot admit statements from Cornelius Garrison (deceased) against MORGAN under the forfeiture by wrongdoing exception to the hearsay bar because MORGAN was not involved with Garrison's murder. *Id.* at 24.

1

## II. THE STATEMENTS THE GOVERNMENT SEEKS TO INTRODUCE AGAINST JASON GILES AND THE KING FIRM THAT MAY INCRIMINATE MORGAN

On page 23 of its memorandum in support, in describing its intent to introduce statements against Jason Giles and the King Firm, the Government states that it intends to "admit statements Garrison made to Harris during and in furtherance of the conspiracy, including that certain of his and Garrison's staged collisions were directed to Giles and The King Firm." Following this statement, the Government cites Rec. Doc. 184, pp. 1-2, which is pages 1-2 of Ryan Harris's factual basis.[1]

At the bottom of page 2 of Harris's factual basis, is the following statement: "On April 12, 2017, Garrison, Carl G. Morgan ("Morgan"), and others staged a collision involving a tractor-trailer and a Lincoln Town Car. Morgan was a member of HARRIS's family. Alfortish, Motta, Motta Law, Morgan, Garrison, and others conspired to file and pursue a fraudulent lawsuit based on the staged collision." To the extent the Government is saying that it intends to introduce this statement for the truth of the matter asserted therein, MORGAN objects.

This factual basis was signed by Ryan Harris, his attorney, and an attorney for the Government. Thus, this document perhaps could be described as being the statement of one or more of these individuals who affixed their signatures to it. It certainly is not the statement of Garrison, as the Government's citation of it seems to suggest. After all, it does not bear any signature purporting to be that of Garrison, and in all likelihood, this document was drafted well after Garrison's death, making it impossible for it to be Garrison's statement. Putting aside the fact this factual basis is not Garrison's statement, it is entirely unclear how a single syllable of this factual basis could be characterized as being made during and in furtherance of the

---

[1] Ryan Harris was originally indicted along with MORGAN and others, but he has since pleaded guilty and is not on the Second Superseding Indictment.

conspiracy. What is clear, however, is that this factual basis would constitute testimonial hearsay that would be inadmissible against MORGAN.

MORGAN cannot discern what the Government means when it says that it intends to "admit statements Garrison made to Harris during and in furtherance of the conspiracy, including that certain of his and Garrison's staged collisions were directed to Giles and The King Firm." But the Government's citation to portions of Harris's factual basis that contain statements accusing MORGAN of staging a collision obviously causes concern. Is the Government saying that Harris's factual basis is comprised of certain statements made by Garrison? Which portions? Does the Government intend to admit Garrison's statements by way of simply introducing Harris's factual basis or by way of live testimony from Harris himself? The Government needs to describe with more clarity the statements of Garrison it seeks to admit against Giles and the King Firm under FRE 801(d)(2)(E) so that MORGAN can assess whether they pertain to MORGAN.[2]

### III. THE GARRISON STATEMENT(S) THAT THE GOVERNMENT SEEKS TO ADMIT AGAINST PARKER, ALFORTISH, MOTTA, MOTTA LAW THAT IMPLICATE MORGAN

The Government has also forecasted its intention to admit "Garrison's statements" against Parker, Alfortish, Motta, and Motta Law that the Government acknowledges "will implicate Stalbert and Morgan in the staged collision scheme." (Rec. Doc. 227-1, at 24). The Government references a FD-1023 form (marked as Exhibit D to the Government's motion) authored by "Mathew Smith," presumably an FBI agent, which contains a line that says "RYAN HARRIS had a blind brother who was in a staged accident." The second superseding indictment alleges that MORGAN was involved in a staged collision on April 12, 2017. (Rec. Doc. 256, at

---

[2] Giles and the King Firm have asserted essentially the same opposition to the lack of clarity from the Government with respect to the Garrison statements it seeks to admit. *See* Rec. Doc. 240, Giles and King Firm Opposition.

3

14). According to the crash report regarding the April 12, 2017 accident, Daniel Harris was a passenger in the vehicle. Daniel Harris is blind. The Government argues that, although admitting this statement will indeed incriminate MORGAN, this problem will be sufficiently cured by virtue of a limiting instruction to the jury.[3] Doubtful. Additionally, the Government argues that it needs to introduce this statement because it is "relevant to establishing the existence of a conspiracy involving two or more coconspirators[,]" and because "the fact that Garrison had a working relationship with [Ryan] Harris and the fact that Garrison staged several collisions for Harris's family members, including Harris's 'blind brother,' will be important in the upcoming trial." (Rec. Doc. 227-1 at 24).

Surely the Government is not hanging its hat on this one-liner "Ryan Harris had a blind brother who was involved in a staged collision" in order to prove the existence of a conspiracy involving two or more coconspirators. We have over 3 million bates numbers thus far. Is there not any other evidence within the mountain of discovery produced thus far (or within the discovery not yet produced) that can accomplish the Government's endeavor of proving the existence of a multi-member conspiracy?

---

[3] The Government cites *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir.1990) in support of its position that limiting instructions can cure the prejudice MORGAN will suffer by the introduction of this evidence. However, the issue in *Rocha* which the Court found to be adequately cured by limiting instructions concerned certain codefendants' objections to the admission of "evidence of different aspects of the scheme in which they did not participate" and evidence of drug transactions committed by a codefendant, conduct for which they had no direct involvement.

What the Government is seeking to do here is entirely different. They seek to introduce evidence that squarely implicates MORGAN in the one collision he is alleged to have conspired to stage. The evidence at issue in *Rocha* also did not seem to present the Confrontation Clause problem that Garrison's statements present to MORGAN.

MORGAN submits that this statement will certainly be cumulative of other evidence the Government has to establish a multi-member conspiracy and will likewise be cumulative of other evidence demonstrating a relationship between Garrison and Ryan Harris and that Garrison staged accidents with Harris's family members. Fed. R. Evid. 403 authorizes a court to exclude otherwise probative evidence if its probative value is substantially outweighed by the danger of unfair prejudice or needlessly presenting cumulative evidence. As previously stated, it is highly likely that this evidence will be cumulative. But the bigger problem is that the probative value of the statement is pulverized by the risk of unfair prejudice to MORGAN, if admitted.

There are additional issues with the prospect of admitting this statement. For one, if the Government intends to introduce the FD-1023 document itself, this presents a Fed. R. Evid. 805 (hearsay within hearsay) problem because this document is the hearsay statement of Matthew Smith providing his own characterization of what Garrison supposedly said.[4] Additionally, the fact that the Government has gone out of its way to modify the truth of the matter asserted in the Matthew Smith memorialization of Garrison's supposed declaration demonstrates the level of unreliability of this statement. *See* Government's Memorandum (Rec. Doc. 227-1 at 24): "Harris does not have a blind brother, but he does have a blind uncle who as a passenger in the April 12. 2017, staged collision involving defendant Morgan."[5]

MORGAN's rights under the Confrontation Clause should not be nullified by the Government admitting testimonial hearsay statements that incriminate MORGAN, especially when, in all likelihood, the Government really doesn't *need* to admit the statements in order to

---

[4] *See* Rec. Doc. 262 at 23-24 - *Vanessa Motta and Motta Law's Opposition to Government's Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception* (identifying the same Fed. R. Evid. 805 double hearsay issue).

[5] The FD-1023 authored by Matthew Smith has it as: "RYAN HARRIS had a blind brother who was in a staged accident."

establish the things that it says these statements tend to prove. While the Government contends that certain codefendants of MORGAN have forfeited their Confrontation Clause rights by causing Garrison's unavailability, this does not give the Government license to introduce evidence in a way that creates a *de facto* forfeiture of MORGAN's confrontation rights.

## IV.  CONCLUSION

For these reasons, MORGAN prays that the Court deny the Government's motion with respect to above-referenced statements.

Respectfully submitted,

*/s/ Michael G. Raspanti*
RASPANTI LAW FIRM
Joseph P. Raspanti (17897)
Michael G. Raspanti (35968)
3900 N. Causeway Blvd. Suite 1470
Metairie, LA 70002
Telephone: (504) 836-7330
Fax (504) 832-8069
Email: mgraspanti013@gmail.com

*Attorney for Carl Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, notice of which will be sent to all counsel of record.

Respectfully submitted,

*/s/ Michael G. Raspanti*
Michael G. Raspanti

6